NOT DESIGNATED FOR PUBLICATION

No. 123,693

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRITTANY R. APPLEGATE,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Opinion filed March 4, 2022. Appeal dismissed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before MALONE, P.J., ATCHESON and WARNER, JJ.


PER CURIAM: Brittany R. Applegate pled guilty to forgery. Based on her criminal history, the district court sentenced Applegate to a probation term of 18 months. She appeals, arguing she should have received a lesser term of probation. Because Applegate received a presumptive sentence and her sentence resulted from a plea agreement approved of by the sentencing court, we dismiss this appeal for a lack jurisdiction.

FACTS

Applegate pled guilty to forgery, a severity level 8 nonperson felony, in exchange for the State dismissing another count of forgery and agreeing to recommend probation.

Based on the presentence investigation report, the district court found Applegate to be in sentencing grid box 8-I, which carried a presumptive probation sentence with an underlying term of 9-8-7 months' imprisonment. See K.S.A. 2020 Supp. 21-6804(a). The district court sentenced Applegate according to the plea agreement, imposing an underlying sentence of 7 months' imprisonment with 12 months' postrelease supervision and granted 18 months' probation. Applegate timely appealed her sentence.

After filing her notice of appeal, Applegate moved for summary disposition under Kansas Supreme Court Rule 7.041A (2022 Kan. S. Ct. R. at 48). The State responded, agreeing that summary disposition was proper and noting that an appellate court lacks jurisdiction to review a presumptive sentence. This court denied the unopposed motion for summary disposition without stating any reason and ordered the parties to file briefs.

ANALYSIS

Applegate's only claim on appeal is that the district court erred in sentencing her to 18 months' probation. The district court imposed 18 months' probation under K.S.A. 2020 Supp. 21-6608(c)(4), which states that "in felony cases sentenced at severity level 8 on the sentencing guidelines grid for nondrug crimes, . . . the court shall order the defendant to serve a period of probation, . . . of up to 18 months in length." Applegate argues that because K.S.A. 2020 Supp. 21-6608(c)(4) authorizes a probation term of "up to 18 months" and gives the court discretion to impose a lesser term, it abused its discretion by not doing so. More specifically, she argues that because she never cashed the check and no restitution was ordered, her case presents less harm than the typical forgery case.

2

While the statute cited by Applegate provides the district court with discretion to impose a lesser term of probation, Applegate concedes that she received a presumptive sentence of probation—a term of probation of up to 18 months. See K.S.A. 2020 Supp. 21-6804(a) (stating presumptive sentence of nondrug grid box 8-I is probation). Applegate also acknowledges that her sentence resulted from a plea agreement, which the sentencing court approved on the record. This court lacks jurisdiction to review either a presumptive sentence or a sentence resulting from a plea agreement approved by the district court. See K.S.A. 2020 Supp. 21-6820(c)(1) (stating this court lacks jurisdiction to review "[a]ny sentence that is within the presumptive sentence for the crime"); K.S.A. 2020 Supp. 21-6820(c)(2) (stating this court lacks jurisdiction to review "any sentence resulting from an agreement between the state and the defendant which the sentencing court approves on the record"); see also *State v. Bieker*, No. 119,214, 2019 WL 102197 (Kan. App. 2019) (unpublished opinion) (dismissing appeal on identical argument for lack of jurisdiction based on K.S.A. 2017 Supp. 21-6820[c]). Because we lack jurisdiction, we will not address Applegate's argument and must dismiss this appeal.

Appeal dismissed.